IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL TODD FENTER, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-2465 |
| ENERVEST EMPLOYEE SERVICES, LLC, | § § | FLSA COLLECTIVE ACTION |
| Defendant. | § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Michael Todd Fenter ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against EnerVest Employee Services, LLC ("Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1. Plaintiff brings individual and collective action claims against Defendant pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA").

2. Plaintiff's employment began with Defendant in approximately June 2011. Due to an on-the-job injury and potential Worker's Compensation Retaliation in violation of Texas law, Plaintiff is not certain if he is still employed by Defendant as of the filing of this document. However, Plaintiff's individual FLSA overtime claims in this lawsuit end on the date of that injury, which was approximately February 16, 2021.

3. Plaintiff worked for Defendant in and around Johnson County, Texas. Plaintiff's primary job duties included manual labor as a water transfer employee and a lease operator in

*Plaintiff's Original Complaint* – Page 1

connection with Defendant's oilfield operations. Plaintiff was paid on an hourly basis by Defendant at all times relevant to Plaintiff's claims in this lawsuit.

4.     Plaintiff and the putative collective action members regularly worked in excess of 40 hours per seven-day workweek as employees of Defendant. While Plaintiff and the putative collective action members were sometimes paid time and one-half their respective regular rates of pay for weekly hours worked over 40, they were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek due to unpaid compensable time worked performing work that was integral and indispensable to their principal activities during on-call periods (the "Unpaid On-Call Compensable Work").

5.     The Unpaid On-Call Compensable Work - Plaintiff and other similarly situated employees of Defendant were required to perform on-call duties, typically on weekends, where they were required to check their phones and/or e-mail for issues that required them to perform their principal activities for Defendant. Examples of such issues include identifying or remediating issues with a given oil and/or gas well after receiving notice of such issues. Defendant had a practice and/or policy to only count the performance of principal activities during that on-call time as compensable time if the work was one hour or longer. If Plaintiff and the putative collective action members performed compensable work during their on-call time that was less than one hour, which was common, then they were typically not paid for that time. This Unpaid On-Call Compensable Work claim does not include all hours spent on-call but is instead based on time in which Plaintiffs and the putative collective action members performed work that was integral and indispensable to their principal activities during the on-call time periods. As Plaintiff and the putative collective action members routinely worked more than 40 hours per seven-day workweek

exclusive of that unpaid time, that Unpaid On-Call Compensable Work resulted in unpaid overtime wages under the FLSA.

6.  Plaintiff, on behalf of himself and all others similarly situated, seeks all damages available under the FLSA including back overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Michael Todd Fenter

7.  Plaintiff is a natural person who resides in Johnson County, Texas. He has standing to file this lawsuit.

8.  Plaintiff was assigned to work from his home which included work at his home in addition to work at various locations outside of his home, namely oil and/or gas wells. Plaintiff was employed by Defendant as a water transfer employee and a lease operator. Plaintiff performed the Unpaid On-Call Compensable Work made the subject matter of this case in and around Johnson County, Texas.

9.  By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

### B. Putative Collective Action Members

10. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf himself and all current and/or former hourly paid water transfer employees and/or lease operator employees of Defendant who are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek due to Defendant's practices and/or policies relative to the Unpaid On-Call Compensable Work.

11. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

12. Plaintiff reserves the right to establish sub-classes and/or modify the collective action definition in any collective action certification motion or other filing.

C. **Defendant EnerVest Employee Services, LLC**

13. Defendant is a foreign for-profit limited liability company.

14. During all times relevant, Defendant has done business in the State of Texas.

15. Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

16. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

17. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

18. At all times relevant to this lawsuit, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer-related devices, phones, vehicles, tools, cleaning materials, and oil and/or gas well related goods and/or materials such as pumps, seals, pipe, tank batteries, and other oilfield goods and/or materials.

19. On information and belief, and at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

20. Defendant's principal place of business is located at 1001 Fannin Street, Suite 800, Houston, Texas 77002.

21. Defendant may be served with summons through its registered agent, Capitol Corporate Services, Inc., 206 East 9th Street, Suite 1300, Austin, Texas 78701-4411.

**D.    Jurisdiction and Venue**

22. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

24. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

25. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

26. Venue is proper in this Court because Plaintiff worked for Defendant in Johnson County, Texas.

### III.    FACTUAL BACKGROUND

27. Plaintiff incorporates the preceding paragraphs as if set forth fully in this section.

28. Defendant operates thousands of oil and/or natural gas properties and/or wells. Defendant performs that operator oilfield work for EnerVest, Ltd. in addition to many other companies. In connection with those business operations, Defendant employed and continues to employ numerous hourly paid water transfer employees and/or lease operator employees who primarily perform manual labor relative to those oil and/or natural gas properties and/or wells.

29. Defendant paid Plaintiff on an hourly basis. Plaintiff's hourly rate of pay was approximately $26.44.

30. Plaintiff's employment began with Defendant in approximately June 2011. Due to an on-the-job injury and potential Worker's Compensation Retaliation in violation of Texas law,

Plaintiff is not certain if he is still employed by Defendant as of the filing of this document. However, Plaintiff's individual FLSA overtime claims in this lawsuit end on the date of that injury, which was approximately February 16, 2021.

31. Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

32. While Plaintiff was sometimes paid time and one-half his regular rate of pay for weekly hours worked over 40, he was not paid time and one-half his regular rate of pay for all hours worked over 40 in each and every seven-day workweek due to the Unpaid On-Call Compensable Work.

33. As explained *supra*, Plaintiff and other similarly situated employees of Defendant were required to perform on-call duties, typically on weekends, where they were required to check their phones and/or e-mail for issues that required them to perform their job duties for Defendant. Examples of such issues include identifying or remediating issues with a given oil and/or gas well or location. Defendant had a practice and/or policy to only count the performance of principal activities during that on-call time as compensable if the work was one hour or longer. If Plaintiff and the putative collective action members performed compensable work during their on-call time that was less than one hour, which was common, then they were typically not paid for that time.

34. This Unpaid On-Call Compensable Work claim does not include all hours spent on-call, but instead is based on the time in which Plaintiffs and the putative collective action members performed compensable work that was integral and indispensable to their principal activities during the on-call time periods. For example, such integral and indispensable Unpaid On-Call Compensable Work of Plaintiff and the putative collective action members includes reading and responding to e-mails and/or phone calls relative to a given oilfield location,

identifying and implementing corrective actions to address an issue at a given oilfield location, communications with other individuals and/or entities relative to issues and/or potential remedies at a given oilfield location, and documenting and/or reporting the issues with and/or actions taken or not taken relative to a given oilfield location. As Plaintiff and the putative collective action members routinely worked in excess of 40 hours per seven-day workweek exclusive of that unpaid time, the Unpaid On-Call Compensable Work resulted in unpaid overtime wages under the FLSA.

35.     There are numerous other current and/or former employees of Defendant who are and/or were similarly situated to Plaintiff. Like Plaintiff, those current and/or former water transfer employees and/or lease operator employees are/were paid on an hourly basis like Plaintiff, regularly work(ed) in excess of 40 hours in a seven-day workweek, and are not/were not paid time and one half-their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward due to Defendant's practices and/or policies relative to the Unpaid On-Call Compensable Work.

## IV.    CONTROLLING LEGAL RULES

36.     The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

37.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

38. Compensable "principal activities" encompass all activities which are "integral and indispensable to the principal activities with which the employee cannot dispense if he is to perform his principal activities." *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 32-35 (2014).

39. "Wait time is compensable when it is part of a principal activity of the employee, but not if it is a preliminary or postliminary activity." *Borne v. AAY Sec. LLC*, 1:17-CV-510, 2019 WL 5394010, at *6 (E.D. Tex. Oct. 21, 2019) (citing *Vega v. Gasper*, 36 F.3d 417, 425 (5th Cir. 1994), *abrogated on other grounds by Busk*, 574 U.S. at 35-37). "Ultimately, however, the facts of the particular case are controlling, as an activity that is preliminary or postliminary under one set of circumstances may be a principal activity under other conditions." *Id.* at * 7 (Citing 29 C.F.R. § 790.7(h) *and Bridges v. Empire Scaffold, L.L.C.,* 875 F.3d 222, 225 (5th Cir. 2017)).

40. "Waiting before the time established for the commencement of work would be regarded as a preliminary activity when the employee voluntarily arrives at his place of employment earlier than he is either required or expected to arrive. Where, however, an employee is required by his employer to report at a particular hour at his workbench or other place where he performs his principal activity, if the employee is there at that hour ready and willing to work but for some reason beyond his control there is no work for him to perform until some time has elapsed, waiting for work would be an integral part of the employee's principal activities. The difference in the two situations is that in the second the employee was engaged to wait while in the first the employee waited to be engaged." 29 C.F.R. § 790.7(h); *accord IBP, Inc. v. Alvarez*, 546 U.S. 21, 41 (2005).

41. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough.

*Plaintiff's Original Complaint – Page* 8

Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

42. An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that he was working." *Mack v. Avara Cmty. Health Servs.*, No. 3:13-CV-1976-P, 2016 U.S. Dist. LEXIS 129266, at *3-4 (N.D. Tex. Feb. 5, 2016) (Solis, J.) (*citing Newton,* 47 F.3d at 748). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

43. "[T]he continuous workday rule … means that the workday is generally defined as the period between the commencement and completion on the same workday of an employee's principal activity or activities." *IBP*, 546 U.S. at 28 (quotation and citation omitted). *See also*, 29 C.F.R. § 790.6 (Under the FLSA's Continuous Workday Rule, "[p]eriods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked.").

44. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered

by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

45. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

46. Failing to pay the required overtime premium for hours worked over 40 in a seven-day workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V.   FLSA CLAIMS

47. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

48. At all times relevant to this lawsuit, Defendant has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

49. At all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

50. Relative to his FLSA claims, Plaintiff was an employee of Defendant. 29 U.S.C. § 203(e).

51. Relative to his FLSA claims, Plaintiff was a covered employee under 29 U.S.C. § 207(a)(1).

52. Plaintiff was paid on an hourly basis by Defendant.

53. At all times relevant to Plaintiff's employment with Defendant, Defendant was required to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each seven-day workweek. 29 U.S.C. § 207(a)(1).

54. Defendant did not pay Plaintiff all FLSA overtime wages owed because it did not count Unpaid On-Call Compensable Work as compensable time. The failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each and every seven-day

workweek during his employment with Defendant is a violation of the FLSA. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 216(b).

55. The putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

56. The putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

57. The putative collective action members are and/or were paid on an hourly basis by Defendant.

58. At all times relevant to this lawsuit, Defendant is and was required to pay the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek. 29 U.S.C. § 207(a)(1).

59. Defendant did not and does not pay the putative collective action members all FLSA overtime wages owed because it did not count Unpaid On-Call Compensable Work as compensable time. The failure to pay the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek during their employment with Defendant is a violation of the FLSA. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 216(b).

60. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek in connection its practices and/or policies relative to the Unpaid On-Call Compensable Work. Due to those practices and/or policies, Defendant knew and/or had reason to believe that Plaintiff and the putative collective

action members are and/or were working overtime hours for which they were not paid all FLSA overtime wage compensation owed.

61. Plaintiff, on behalf of himself and the collective action members, seeks all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI. FLSA COLLECTIVE ACTION CLAIMS

62. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

63. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former hourly paid water transfer employees and/or lease operator employees of Defendant who are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek due to Defendant's practices and/or policies relative to the Unpaid On-Call Compensable Work.

64. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

65. Because Defendant did not and does not pay all overtime premium compensation owed to its hourly paid water transfer employees and/or lease operator employees who routinely work(ed) in excess of 40 hours per workweek relative to the Unpaid On-Call Compensable Work, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

66. Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII.   JURY DEMAND

67. Plaintiff, on behalf of himself and the collective action members, demands a jury trial.

## VIII.   DAMAGES AND PRAYER

68. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members,

   b. All damages allowed by the FLSA, including back overtime wages,

   c. Liquidated damages in an amount equal to back FLSA overtime wages,

   d. Reasonable legal fees,

   e. Costs,

   f. Post-judgment interest, and/or

   g. All other relief to which Plaintiff and the collective action members are entitled.

Date: October 7, 2021.

Respectfully submitted,

By:   s/ Allen R. Vaught
      Allen R. Vaught
      Attorney-In-Charge
      TX Bar No. 24004966
      Vaught Firm, LLC
      1910 Pacific Ave., Suite 9150
      Dallas, Texas 75201

*Plaintiff's Original Complaint – Page* 13

(972) 707-7816 – Telephone
(972) 591-4564 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF